UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00011-MRA-BFM | Date | July 30, 2026 |
| Title | *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE [19] AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT [23]**

Before the Court is Defendant's Motion to Stay Further Proceedings, ECF 19, and Plaintiff's Motion for Preliminary Injunction, ECF 23. The Court read and considered the briefing related to the instant Motions and held a hearing on July 28, 2026. ECF 38. For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Stay and **DENIES** Plaintiff's Motion for Preliminary Injunction as moot and without prejudice.

## I. BACKGROUND

Plaintiff Miramar Brands Group, Inc. ("Plaintiff" or "MBG") is a brand-management company with partnerships in the fashion, sports, lifestyle, and editorial industries. ECF 22 ¶ 6. Plaintiff owns and licenses a portfolio of registered trademarks, including the MIRAMAR® brand. *Id.* The MIRAMAR® brand is "used in connection with MBG's collaboration and sponsorships of the primary worldwide professional beach volleyball tours . . . which cater to 25-35 year-old global consumers and athleisure sports enthusiasts." *Id.* ¶ 22. Plaintiff has two U.S. registered trademarks related to the MIRAMAR® brand. *Id.* ¶ 23.

Defendant Rag & Bone Holdings, LLC ("Defendant" or "Rag & Bone") is a retail, apparel, and fashion company that sells clothing and accessories. ECF 19-1 at 9. Rag & Bone sells its products through its website and storefronts, as well as through other retailers. *Id.* Rag & Bone's most successful product line is its "Miramar" collection, which it has sold for over 13 years. *Id.* at 10. The "Miramar" collection uses a distinctive printing technique which transforms fabrics to resemble textured materials. *Id.*

Plaintiff alleges that Rag & Bone's use of "Miramar" is not longstanding but instead is a recent commercial identity that emerged in 2025. *See* ECF 22 ¶¶ 41-44. Rag & Bone filed a trademark application for RAG & BONE / MIRAMAR on June 9, 2025, which was subsequently

rejected by the U.S. Patent and Trademark Office on October 30, 2025. ECF 23 at 3. The U.S. Patent and Trademark Office found that there was a likelihood of confusion between Rag & Bone's proposed trademark and Plaintiff's registered MIRAMAR® trademarks. ECF 22-27. Rag & Bone clarified that the trademark application was for the mark "RAG & BONE | MIRAMAR" in connection with retail store signage for its pop-up stores in New York, New Jersey, and Colorado. ECF 34 at 17-18. The stores no longer operate under the proposed name and Rag & Bone does not use signage based on the rejected mark. *Id.*

On August 28, 2025, Plaintiff sent Rag & Bone a letter, alleging that Rag & Bone's marketing and sales of its "Miramar" collection infringed on Plaintiff's trademarks and demanding that Rag & Bone cease using "Miramar" in connection with its goods. ECF 19-1 at 11. Plaintiff proposed that Rag & Bone resolve the dispute by entering a multi-million-dollar licensing deal with Plaintiff to continue its use of "Miramar." *Id.* Once Rag & Bone declined Plaintiff's proposition, Rag & Bone alleges that Plaintiff allegedly "launched a pressure and intimidation campaign directed principally against Rag & Bone's key business partners." *Id.* As a result, on November 30, 2025, Rag & Bone and an affiliated entity filed suit against MBG in the Southern District of New York "seeking, among other relief, a declaration that Rag & Bone's use of 'Miramar' in connection with its Collection does not infringe MBG's asserted trademark rights, as well as injunctive relief prohibiting MBG from interfering with Rag & Bone's sale, promotion, and distribution of products bearing the 'Miramar' name." *Id.* at 6; *see also Rag & Bone Holdings, LLC et al v. Miramar Brands Group, Inc.*, No. 1:25-cv-09937-LGS (S.D.N.Y filed Nov. 30, 2025) (the "SDNY Action").

On December 3, 2025, District Judge Lorna Schofield granted Rag & Bone's motion for a temporary restraining order ("TRO"), enjoining MBG from interfering with Rag & Bone's "sale, use, or distribution of goods bearing, or labeled under, the MIRAMAR name . . . until further order from this Court." SDNY Action, ECF 20 at 4. The court found that Rag & Bone "raised serious questions concerning whether MBG has a valid trademark infringement claim." *Id.* at 3. Since the TRO ruling, Judge Schofield has supervised expedited discovery, including MBG's production of thousands of pages of documents and several depositions of witnesses. ECF 19-1 at 7. The court also conducted a full evidentiary hearing on Rag & Bone's motion for a preliminary injunction on April 13, 2026. *Id.* Rag & Bone's motion for a preliminary injunction and MBG's motion to dismiss for lack of personal jurisdiction remain pending before the Southern District of New York. *Id.*

On January 4, 2026, Plaintiff filed this action against Rag & Bone, asserting claims for trademark infringement and unfair competition. ECF 1.

On May 26, 2026, Rag & Bone filed a Motion to Stay Further Proceedings pending the resolution of the SDNY Action. ECF 19. On June 30, 2026, Plaintiff filed an Opposition to the Motion to Stay. ECF 28. On July 10, 2026, Rag & Bone filed a Reply in support of its Motion. ECF 34.

On June 8, 2026, after the Motion to Stay was filed, Plaintiff filed the First Amended Complaint ("FAC"), adding the following Defendants: Guess?, Inc; WHP Global, LLC; Bloomingdale's, LLC; Nordstrom, Inc.; Evereve, Inc.; Revolve Group, Inc.; URBN US Retail, LLC; BOP LLC; Rue Gilt Groupe, Inc.; and Couponology, Inc. ECF 22. The FAC includes an additional claim for false designation of origin. *Id.* ¶¶ 119-24. Plaintiff seeks damages in compensation for Defendant's infringing use of "Miramar" and injunctive relief prohibiting Defendants from "further unlawful actions, including mandating corrective advertising and abandonment of conflicting trademark applications." *Id.* at 49-50.

Plaintiff also filed its Motion for Preliminary Injunction on June 8, 2026. ECF 23. Plaintiff seeks an order enjoining Rag & Bone "from any further infringing use of MBG's incontestable, federally-registered trademark rights in and to its MIRAMAR ® brand." *Id.* at 2. On July 7, 2026, Rag & Bone filed an Opposition. ECF 32. On July 14, 2026, Plaintiff filed a Reply in support of its Motion. ECF 35.

## II. <u>DISCUSSION</u>

Rag & Bone argues that the Motion to Stay should be granted pursuant to the first-to-file rule because "this action is entirely duplicative of the earlier filed SDNY Action, which involves the same parties, and the same issues—namely, whether Rag & Bone's use of the word 'Miramar' in the sale, distribution, and promotion of its top-selling 13-year old 'Miramar' collection [] constitutes trademark infringement or unfair competition." ECF 19 at 2. "Absent a stay, Rag & Bone would be forced to litigate identical issues in two separate forums simultaneously and could face inconsistent judgments concerning the same marketplace conduct." ECF 19-1 at 8.

The power to stay a case or proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *1 (C.D. Cal. Oct. 18, 2013). Additionally, the Ninth Circuit has endorsed discovery stays where they "further[] the goals of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *Torres v. Cate*, 501 F. App'x 662, 663 (9th Cir. 2012); *Lu v. Central Bank of Republic of China (Taiwan)*, 610 F. App'x 674, 675 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00011-MRA-BFM | Date | July 30, 2026 |
|---|---|---|---|
| Title | *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC* | | |

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "The first-to-file rule is intended to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). "Courts have 'an ample degree of discretion' when applying the first-to-file rule." *Slaughter v. Virgin Scent, Inc.*, No. CV 21-2875 PSG (EX), 2022 WL 22211533, at *2 (C.D. Cal. May 31, 2022) (citing *Alltrade*, 946 F.2d at 628). A court analyzes three factors when determining whether to apply the first-to-file rule: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn*, 787 F.3d at 1240.

Here, a stay is warranted because all three factors are met.

First, the SDNY Action clearly precedes the action before this Court. Before this action was filed, the Southern District of New York had already held a two-hour hearing on Rag & Bone's TRO Application, during which it heard arguments from both parties, and issued a TRO in Rag & Bone's favor. SDNY Action, ECF 20. Since then, that court has supervised expedited discovery, conducted a full evidentiary hearing regarding Rag & Bone's request for a preliminary injunction, taken MBG's motion to dismiss under review, and engaged with the parties extensively through written communications. *See generally* SDNY Action. During the hearing on this Motion, Defense counsel asserted that discovery will be substantially completed in the SDNY Action this week.

Plaintiff argues that the SDNY Action is not first filed because the Southern District of New York lacks personal jurisdiction over MBG. *See* ECF 28 at 8. This argument lacks merit. Thus far, the SDNY Court has determined that it has jurisdiction over MBG. *See* SDNY Action, ECF 20 (granting the TRO in favor of Rag & Bone and noting that "MBG is subject to personal jurisdiction in this Court having appeared and not objected to personal jurisdiction"). MBG filed a motion to dismiss for lack of jurisdiction in the Southern District of New York and the motion remains pending. *See* SDNY Action, ECF 53. This Court need not decide whether jurisdiction exists in the Southern District of New York. *See KTS Karaoke, Inc. v. EMI Blackwood Music Inc.*, No. CV1300915CJCJPRX, 2013 WL 12171968, at *3 (C.D. Cal. Mar. 25, 2013) ("[C]onsidering the nature of this dispute and the superior experience the [Southern District of New York] has in ruling on issues concerning its own jurisdiction, it would be presumptuous for this [C]ourt to decline to apply the first-to-file rule when the court whose jurisdiction is being challenged has not had an opportunity to fully consider the issue."); *TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC*, No. SACV2000702JVSADSX, 2020 WL 8172714, at *3 (C.D. Cal. July 31, 2020) ("The Court agrees that it is prudent to defer to. . . the first-filed court[] for

the determination of the extent of its jurisdiction and application of any claimed exception to the first-to-file rule."). During the hearing, Plaintiff's counsel conceded that this action should be transferred to the Southern District of New York should that court determine it has personal jurisdiction over MBG. Plaintiff's jurisdictional argument thus favors entering a stay pending the Southern District of New York's ruling on MBG's motion to dismiss.

Second, the parties are similar enough to warrant a stay. The first-to-file rule "does not require exact identity of the parties" but "requires only substantial similarity." *Kohn*, 787 F.3d at 1240. "Courts often look to the parties' interests in determining similarity." *Figueroa v. Autozoners, LLC*, No. 2:18-CV-01106-ODW (MRWX), 2019 WL 11023547, at *2 (C.D. Cal. Jan. 31, 2019). When Rag & Bone filed the Motion to Stay, the parties were the same as in the SDNY Action, except for RB Topco Sagl, a plaintiff in the SDNY Action who MBG failed to name as a defendant in the instant action. RB Topco Sagl is affiliated with Rag & Bone and owns certain of Rag & Bone's intellectual property. ECF 19-1 at 16. Thus, at that point, the parties were undoubtedly substantially similar. *See Figueroa*, 2019 WL 11023547, at *2 (determining that the parties were substantially similar even though one defendant was not listed in both actions because their interests in defending the action were the same given the party's status as a subsidiary and/or affiliate of the named defendant).

However, five months after the Complaint was filed and two weeks after Rag & Bone filed this Motion, Plaintiff filed the FAC, naming 10 additional defendants that are not parties to the SDNY Action. *See* ECF 22. Rag & Bone maintains that "[t]he timing of MBG's maneuverings raises a reasonable inference that adding ten new defendants to this case was motivated at least in part by a desire to distinguish it from the SDNY Action." ECF 34 at 12-13. Plaintiff explained at the hearing why these defendants were added for full relief since they sell the alleged infringing products. While the Court makes no finding as to whether Plaintiff's conduct suggests gamesmanship to skirt the first-to-file rule, it is undisputed that Rag & Bone is the main defendant in this case, and that the parties therefore remain substantially similar even with the addition of the retailer defendants.

Third, the issues in both actions are not identical but are undoubtedly overlapping. "The application of the first to file rule does not require identity of issues or 'exact parallelism,' but rather substantial similarity or overlap." *Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc.*, No. CIV. 10-3134 KJM EFB, 2011 WL 2073796, at *4 (E.D. Cal. May 24, 2011) (citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006)). Plaintiff argues that the issue in this action is distinct from the issue in the SDNY Action. ECF 28 at 3 (explaining that the issue in this action is "whether Rag & Bone's new trademark use of MIRAMAR is trademark infringement" and the issue in the SDNY Action is "only whether MBG's online takedown efforts

constitute tortious interference with business relations, or entitle Rag & Bone to a requested declaratory judgment"). However, the relief sought in this action mirrors the issues in the SDNY Action. In the SDNY Action, Rag & Bone seeks a declaratory judgment that it has not infringed on MBG's trademark rights and injunctive relief barring MBG from further interfering with Rag & Bone's sale of its Miramar collection. *See* SDNY Action, ECF 9. Here, MBG seeks a preliminary injunction prohibiting Rag & Bone "from any further commercial use of MBG's registered and incontestable trademark rights in and to the brand MIRAMAR in connection with any goods or services apparel and brand licensing." ECF 23 at 13. Moreover, the additional claims in this action are predicated on finding that Rag & Bone infringed on MBG's trademarks for its MIRAMAR® brand. *See* ECF 22; *see also Bashiri v. Sadler*, No. CV 07-2268-PHX-JAT, 2008 WL 2561910, *2 (D. Ariz. June 25, 2008) ("While the specific legal issues vary across the litigations, the discovery and evidence necessary to litigate each is substantially similar."). Thus, it would be "nonsensical" for this Court to consider infringement claims in this district while the Southern District of New York considers non-infringement claims surrounding the same trademarks at the same time. *See Netlist, Inc. v. Smart Modular, Inc.*, No. SACV130996DOCJPRX, 2013 WL 12128691, at *7 (C.D. Cal. Nov. 26, 2013).

Plaintiff also fails to persuade the Court that there are equitable factors present here that weigh against the stay. The first-to-file rule may not be applied in circumstances involving bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. Plaintiff argues that Rag & Bone filed the SDNY Action despite MBG's indication that it would "pursue emergency injunctive relief" if Rag & Bone did not cease the alleged infringement and knowing that MBG was "a very small company not able rapidly to prepare and file suit." ECF 28 at 9-10. Plaintiff insists that these facts "at least support[] an inference of a bad faith, anticipatory suit, and forum shopping." *Id.* at 10. The Court disagrees. Filing the SDNY Action is not evidence of forum shopping because Rag & Bone was well within its right to file suit in its home jurisdiction in response to MBG's alleged interference with its business. *See Stomp, Inc. v. Neato*, 61 F. Supp. 2d 1074, 1082 (C.D. Cal. 1999) ("[Plaintiff's] decision to sue in its home forum of California does not amount to impermissible forum shopping."). Additionally, the SDNY Action is not properly characterized as an anticipatory suit because Rag & Bone did not receive "specific, concrete indications that a suit by [MBG] was imminent." *Z–Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). "[A] letter which suggests the possibility of legal action . . . in order to encourage or further a dialogue, is not a specific, imminent threat of legal action." *Intersearch Worldwide, Ltd. v. Intersearch Grp.*, Inc., 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008). Therefore, in the absence of any circumstances indicating otherwise, it is clear that "[c]ontinuing the litigation on these claims in this suit would both double the judicial resources expended on these issues and create real risk of conflicting results." *Netlist, Inc.*, 2013 WL 12128691, at *7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00011-MRA-BFM | Date | July 30, 2026 |
| Title | *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC* | | |

Accordingly, the Court **GRANTS** Rag & Bone's Motion to Stay and does not reach the merits of Plaintiff's Motion for Preliminary Injunction.

## III. CONCLUSION

For the reasons stated herein, Rag & Bone's Motion for Stay [19] is **GRANTED**, and Plaintiff's Motion for Preliminary Injunction [23] is **DENIED** as moot and therefore without prejudice.

The parties shall notify the Court within **seven (7) days** of any decision by the District Court in the SDNY Action regarding whether it has personal jurisdiction over MBG. If the court determines it has personal jurisdiction over MBG, then the parties will have **seven (7) additional days** (so 14 days from the date of the SDNY decision) to show cause why this case should not be immediately transferred to the Southern District of New York. If the court determines it lacks personal jurisdiction over MBG, then the parties will also have the same **seven (7) additional days** to submit a joint status report and reopen this matter. This case is administratively closed until then.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku