David Halberstadter (CA 107033)
david.halberstadter@katten.com
Kristin J. Achterhof (admitted pro hac vice)
kristin.achterhof@katten.com
Mark T. Ciani (admitted pro hac vice)
mark.ciani@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067-5010
Telephone: +1.310.788.4400
Facsimile: +1.310.788.4471

*Attorneys for Defendant Rag & Bone Holdings, LLC*

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Miramar Brands Group, Inc.

Plaintiff

v.

Rag & Bone Holdings, LLC, Guess?, Inc., WHP Global, LLC, Bloomingdale's, LLC, Nordstrom, Inc., Evereve, Inc., Revolve Group, Inc., URBN US Retail, LLC, BOP LLC, Rue Gilt Groupe, Inc., and Couponology, Inc.,

Defendants

Case No. 8:26-cv-00011
Hon. Mónica Ramírez Almadani

**DEFENDANT RAG & BONE HOLDINGS, LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Defendant Rag & Bone Holdings, LLC ("Rag & Bone") respectfully submits this Response to the Court's Minute Order, dated July 30, 2026, requesting that, if the District Court for the Southern District of New York determines that it has personal jurisdiction over MBG, the parties shall within 14 days "show cause why this case should not be immediately transferred to the Southern District of New York." Minute Order, C.D. Cal. Dkt. 39 at 7 (July 30, 2026).

## INTRODUCTION

This case should not be transferred to the Southern District of New York; it should instead be dismissed without prejudice because MBG's claims are compulsory counterclaims that must be asserted in the first-filed SDNY Action. Recognizing this, on August 24, 2026, MBG asserted the infringement, false designation, and unfair competition claims it brought here as counterclaims in the SDNY Action.[1] For that reason, judicial economy is best served by dismissal of this action without prejudice, as transfer under Fed. R. Civ. P. 1404(a) would merely deposit a redundant case on the New York docket, where MBG is already pursuing the claims at issue here.

## BACKGROUND[2]

As this Court has recognized, this case is duplicative of the first-filed SDNY Action. Minute Order at 4. In the SDNY Action, Rag & Bone seeks, among other relief, a declaration that Rag & Bone's use of "Miramar" in connection with its Miramar Collection of apparel does not infringe MBG's

---

[1] Capitalized terms used but not defined herein have the same meaning given to them in Rag & Bone's Motion to Stay, C.D. Cal. Dkt. 19-1.

[2] Because the facts of this case are set forth in the parties' briefing on Rag & Bone's Motion to Stay and *Ex Parte* Motion to Stay, C.D. Cal. Dkt. Nos. 19-1, 25, 28, 34, this Response includes only those facts relevant to the pending order to show cause.

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

asserted trademark rights under the Lanham Act. *See* S.D.N.Y. Dkt. 1. Meanwhile, in this case, MBG asserts that Rag & Bone's use of the word "Miramar" to identify its product line violates the Lanham Act and constitutes unfair competition. C.D. Cal. Dkt. 1 ¶¶ 31-48. Thus, "the relief sought in this action mirrors the issues in the SDNY Action." Minute Order at 6.

Rag & Bone moved to stay proceedings in this Court pursuant to the first-to-file rule. C.D. Cal. Dkt. Nos. 19-1, 25. While that motion was pending, on June 8, MBG filed its Amended Complaint in this case, adding several defendants, including retailers that sell the Collection and one of Rag & Bone's advertising partners. C.D. Cal. Dkt. 22.

MBG opposed the stay by pointing to its pending motion to dismiss for lack of personal jurisdiction in the SDNY Action. S.D.N.Y. Dkt. No. 64. This Court granted Rag & Bone's motion to stay, providing that, if the New York court determines that it has personal jurisdiction over MBG, the parties shall "show cause why this case should not be immediately transferred to the Southern District of New York." *Id*. On August 12, 2026, the New York court denied MBG's motion to dismiss, holding that it has personal jurisdiction over MBG. Opinion and Order, S.D.N.Y. Dkt. 139 at 7-14 (Aug. 12, 2026). Thereafter, on August 25, 2026, MBG filed counterclaims in the SDNY Action, asserting claims for trademark infringement, false designation, and unfair competition against Rag & Bone and the additional defendants MBG added to this case. S.D.N.Y. Dkt. 144.

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

**ARGUMENT**

Under the Federal Rules of Civil Procedure, "[a] pleading *must state as a counterclaim* any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R.

Civ. P. 13(a)(1) (emphasis added). Claims that meet this definition are considered compulsory counterclaims.

Applying this definition, courts have consistently held that claims for infringement are compulsory counterclaims in a declaratory action for non-infringement. *See Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) ("Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory"); *Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.*, No. 2:22-cv-09210-JWH-KS, 2023 WL 9379150, at *3 (C.D. Cal. Nov. 27, 2023) ("Without a doubt, a declaratory judgment claim for non-infringement triggers a compulsory counterclaim for infringement relating to the same conduct.").

This Court has already held that MBG's infringement claim and Rag & Bone's declaratory judgment claim for non-infringement relate to the same trademarks and conduct. Minute Order at 6. Indeed, "the relief sought in this action mirrors the issues in the SDNY Action." *Id*. MBG's claims, therefore, must be asserted as compulsory counterclaims in the SDNY Action.

MBG apparently recognizes that its claims belong in the same action: It has now asserted its trademark infringement, false designation, and unfair competition claims as counterclaims in the SDNY Action. *See* S.D.N.Y. Dkt. 144. The claims it asserts in the SDNY Action are identical to those it pursued here. *See id.* Thus, transferring this separately filed, independent case as such would result in a duplicative case before the New York court. This case should therefore be dismissed. *See Pro. Underwriting Grp., Inc. v. Hartford Ins. Co. of Se.*, No. CV 2:15-cv-9714-R, 2016 WL 7448143, at *2 (C.D. Cal. Mar. 9, 2016) ("[G]iven that Plaintiff is required to bring its claims against Hartford as compulsory counterclaims in Hartford's Florida action, the Court finds it proper to dismiss this action under Federal Rule of Civil Procedure 13(a) as well as under the first-to-file rule."); *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F.

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

Supp. 486, 493 (S.D.N.Y. 1995) (dismissing second-filed case and holding that the claimant "may file its claims as compulsory counterclaims in the respective districts of the first-filed actions").

Finally, dismissal without prejudice will not prejudice MBG. MBG will remain free to continue to pursue its claims in the SDNY Action, where it has already asserted these claims. Dismissal simply places MBG's claims in the procedural posture in which the Federal Rules contemplate they be litigated.

## CONCLUSION

Rag & Bone respectfully submits that dismissal without prejudice—not transfer to the Southern District of New York—is the proper and most efficient disposition of this action under the Federal Rules of Civil Procedure and principles of judicial economy.

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

Respectfully yours,

Dated: August 26, 2026

KATTEN MUCHIN ROSENMAN LLP

By: /s/David Halberstadter
Attorneys for Defendant Rag & Bone Holdings, LLC