Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
San Diego, California 92109
Tel: 949.636.1391

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

**Miramar Brands Group, Inc.**, a California corporation,

Plaintiff,

v.

**Rag & Bone Holdings, LLC**, a Delaware company, **Guess?, Inc.**, a Delaware corporation, **WHP Global, LLC**, a Delaware company, **Bloomingdale's, LLC**, an Ohio company, **Nordstrom, Inc.**, a Washington corporation, **Evereve, Inc.**, a Minnesota corporation, **Revolve Group, Inc.**, a Delaware corporation, **URBN US Retail, LLC**, a Delaware company, **BOP LLC**, a Wisconsin company, **Rue Gilt Group, Inc.**, a Delaware corporation, and **Couponology, Inc.**, a New York corporation,

Defendants.

Case No. 8:26-cv-00011-MRA-BFM

**PLAINTIFF'S RESPONSE TO ORDER PROPOSING TRANSFER**

Honorable Mónica Ramírez Almadani

Plaintiff Miramar Brands Group, Inc. responds as follows to the Court's Stay Order (*see* ECF No. 39); specifically, it responds to the Court's mandate for the parties to "show cause why this case should not be immediately ***transferred*** to the Southern District of New York." *See id.* at 7 (emphasis added). Plaintiff Miramar agrees to the Court's mandate that, given the New York court's recent order finding personal jurisdiction over Miramar extant there (*see* ECF No. 44), indeed this Court should order this action ***transferred*** to the Southern District of New York, ***not dismissed*** (which this Court rightly did not rule or even suggest as a proper remedy).[1] This Court should look askance at—and reject—Rag & Bone's proposal of a "dismissal" rather than the transfer the Court already determined is proper and appropriate. *See* ECF No. 45.

**<u>Legal Standard</u>**

Under the first-to-file rule, a dismissal is not permitted unless ***the claims are duplicative*** of claims already pending in the other action—not the circumstance here (as this Court recognized). *See Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 830 (E.D. Cal. 2025) ("The first-to-file rule allows a district court to dismiss a complaint or claim ***that is duplicative***, transfer all or part of the case to the first-filed district, or stay all or part of the case pending a decision in the prior-related action.") (quoting *Heinz v. Mazda Motor of Am., Inc.*, No. 22-2058, 2023 WL 4305118, at *1 (E.D. Cal. June 30, 2023) (citing *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015)); *Larson v. Am. Honda Motor Co., Inc.*, No. 23-1238, 2024 WL 3293875, at *2 (S.D. Cal. Apr. 2, 2024) (dismissal appropriate only for "claim that is duplicative) (citing *Kohn* and *Cedars-Sinai Med. Ctr. v.*

[1] Because there is no good cause "why this case should not be immediately transferred to the Southern District of New York," Miramar had not planned to file any response. This response became necessary only to correct the attempted misdirection by Rag & Bone. *See* ECF No. 45. This Court did not request the parties' opinions about "transfer versus dismissal" as a procedural vehicle, and Rag & Bone hides from this Court the vexatious motive for its dismissal suggestion.

*Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)); *see also Managed Care, Inc. v. Home Instead, Inc.*, No. 25-3149, 2026 WL 2494899, at *3 (C.D. Cal. Aug. 21, 2026) (application of first-to-file rule requires transfer, not dismissal); *Jolly v. Conduent Bus. Servs., LLC*, No. 26-6945, 2026 WL 2261048, at *3 (C.D. Cal. Aug. 5, 2026) (same). Rag & Bone does not (and cannot) disagree that Miramar's claims in this action were not already-pending in the New York action, and therefore the "duplicative" requirement allowing for a dismissal is missing. Only a transfer is the permitted remedy.

**Rag & Bone Is Attempting To Pull A Procedural "Fast One" On This Court**

A brief review of the timeline of the parties' dispute reveals the trick behind Rag & Bone's request for a dismissal, instead of a transfer. Rag & Bone filed the New York action on November 30, 2025, asserting allegations including non-infringement of Miramar's incontestable trademark registrations for its MIRAMAR® brand. Miramar ***promptly*** asserted its countervailing claims including for trademark infringement, in its Complaint in this action filed January 4, 2026. *See* ECF No. 1. Therefore, the parties' claims against each other were fully pled ***within five weeks, and eight months ago***. Miramar filed its claims in this Court (instead of in New York) because it could not consent to proper jurisdiction or venue in New York, which instead it disputed via a Rule 12 motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A) (Rule 12 motion to dismiss tolls deadline for responding to complaint, including pleading counterclaims).

Because the New York court ultimately denied the motion to dismiss only recently on August 12, 2026 (*see* ECF No. 44), Miramar's claims in this action may be transferred—only now—to be incorporated into the New York action. The only reason Miramar filed the same claims recently (as counterclaims) in the New York action is that Miramar needed to act with extra alacrity to re-set its Motion for Preliminary Injunction (*see* ECF No. 23) in the New York action. Because Rag & Bone is now threatening a meritless "motion to strike" both Miramar's

Counterclaims and its Motion for Preliminary Injunction, however, this Court's transfer (rather than dismissal) of this action would critically (and appropriately) moot the motion to strike. *See* Ex. A (herewith).[2]

Rag & Bone's response hides its vexatious motive to prevent Miramar's claims from being joined procedurally into the New York action. Rag & Bone argues that a transfer "would merely deposit a redundant case on the New York docket." This is a mischaracterization vis-à-vis Rag & Bone's sneaky plan to argue that Miramar asserted its trademark infringement claims ***only recently***, rather than on January 4, 2026 when this action was filed. A transfer moots such shenanigans, because Miramar's transferred claims maintain their 8+-month pendency and may be consolidated swiftly into the New York action. If this Court is tricked into a dismissal, the New York court would have to entertain Rag & Bone's effort to "strike" the claims, never to be heard from again. This Court swiftly should shut down Rag & Bone's plan.

The cases Rag & Bone cites are completely inapposite. The *Pro. Underwriting* case is outdated compared to the recent cases noting the requirement of "duplicative claims" pending in both actions in order for a dismissal to be proper, which the decision never considered. *See Pro. Underwriting Grp., Inc. v. Hartford Ins. Co. of Se.*, No. 15-9714, 2016 WL 7448143, at *2 (C.D. Cal. Mar. 9, 2016). The same is true for the even older and out-of-circuit *J. Lyons* case, wherein the court also failed to consider whether any duplicative claims were already pending

[2] The key fact here is Rag & Bone's trickery—that is, misleading this Court into a dismissal while at the same time attempting to "strike" Miramar's trademark infringement and related claims as "too late" as newly-filed in the New York action, under the fiction as if the claims had not been pending for 8 months in this action. If Rag & Bone had no tricks in mind, it could just provide consent to the same claims from this action being incorporated into the New York action. *See* Fed. R. Civ. P. 15(a)(2) (allowing pleading amendments "with the opposing party's written consent"). Miramar welcomes such written consent.

(and not subject to striking) in the first-filed action. *See J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 493 (S.D.N.Y. 1995).

Finally, Rag & Bone even proposes that a dismissal would not prejudice Miramar because it could "continue to pursue its claims in the SDNY Action." What Rag & Bone fails to mention—deceptively—is that it is engaged in an effort to strike the claims, which effort it could continue to pursue ***only if this Court is tricked into a dismissal instead of a transfer***.

## Conclusion

Based on the foregoing, Plaintiff Miramar respectfully implores this Court (a) to recognize what Rag & Bone fails to advise it honestly, (b) to recognize the importance of a transfer rather than a dismissal, and (c) to order—as it originally did—that this action be "***transferred*** to the Southern District of New York." *See* ECF No. 39 at 7 (emphasis added).

Respectfully submitted,

Dated: August 26, 2026

**SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 11-6.2 ("Certificate of Compliance"), the undersigned counsel for Plaintiff certifies hereby that the foregoing document complies with the type-volume limitation of L.R. 11-6.1. Specifically, the undersigned certifies that the foregoing brief contains 1281 words, which complies with the 7,000 word limit of L.R. 11-6.1.

/s/ Stephen M. Lobbin

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin