David Halberstadter (CA 107033)
david.halberstadter@katten.com
Kristin J. Achterhof (admitted pro hac vice)
kristin.achterhof@katten.com
Mark T. Ciani (admitted pro hac vice)
mark.ciani@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067-5010
Telephone: +1.310.788.4400
Facsimile: +1.310.788.4471

*Attorneys for Defendant Rag & Bone Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

Miramar Brands Group, Inc.

Plaintiff

v.

Rag & Bone Holdings, LLC, Guess?, Inc., WHP Global, LLC, Bloomingdale's, LLC, Nordstrom, Inc., Evereve, Inc., Revolve Group, Inc., URBN US Retail, LLC, BOP LLC, Rue Gilt Groupe, Inc., and Couponology, Inc.,

Defendants

Case No. 8:26-cv-00011
Hon. Mónica Ramírez Almadani

**DEFENDANT RAG & BONE HOLDINGS, LLC'S LIMITED REPLY TO MBG'S AUGUST 26, 2026 RESPONSE**

Defendant Rag & Bone Holdings, LLC ("Rag & Bone") respectfully submits this brief Reply to Plaintiff Miramar Brands Group, Inc's ("MBG") August 26, 2026 Response to the Court's Order Proposing Transfer. Rag & Bone believes MBG's extraordinary accusations—a "vexatious motive," a "procedural 'fast one,'" a "sneaky plan," "trick[ery] into dismissal"—justify this submission.

As Rag & Bone made clear, it is requesting dismissal *without prejudice*. It is not asking this Court to dispose of MBG's claims on the merits—merely to dismiss them because its claims against Rag & Bone have to be, and are being, pursued as compulsory counterclaims in the SDNY Action and its claims against the other defendants are being pursued as third party claims in the SDNY Action. *See* Fed. R. Civ. P. 13(a) and 14. MBG does not dispute that it has filed substantively identical compulsory counterclaims and third party claims in the SDNY Action. The New York court properly has jurisdiction over Rag & Bone's claim *and* MBG's compulsory counterclaims and third party claims.

The Court ordered the parties to show cause why the action should not be "transferred." Rag & Bone responded based on practicality, not subterfuge. Rag & Bone believes that MBG's insistence that this Court transfer *as a separate action* its claims that, as a matter of law, must be, and have been, asserted in the *same* SDNY Action is, at a minimum, contrary to principles of judicial economy and efficient administration. It places on the docket a separate case asserting affirmative claims that must be and *are currently being* pursued as compulsory counterclaims in a pre-existing case. This, in turn, creates procedural and logistical complications for the transferee Court—it is not clear what MBG imagines will *happen* with its transferred case. The Federal Rules of Civil Procedure do not contemplate maintaining a duplicative backup case in the same district when a court with jurisdiction over the claims is already entertaining them.

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

To be clear: Rag & Bone has no objection to a disposition of these claims that does not result in a duplicative action in New York, but rather results in the claims against Rag & Bone being before Judge Schofield in the action where they must be asserted. Because MBG has *already* asserted its claims in the SDNY Action, Rag & Bone believes that dismissal without prejudice is the most efficient means to accomplish that result.

Respectfully yours,

Dated: August 27, 2026

KATTEN MUCHIN ROSENMAN LLP

By: /s/David Halberstadter
Attorneys for Defendant Rag & Bone Holdings, LLC

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel +1.310.788.4471 fax

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/David Halberstadter