UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00011-MRA-BFM | Date | September 15, 2026 |
| Title | *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF NEW YORK**

On July 30, 2026, the Court granted Defendant Rag & Bone Holdings, LLC's ("Rag & Bone") motion to stay the case pursuant to the first-to-file rule. ECF 39. During the hearing on the motion, Plaintiff Miramar Brands Group, Inc.'s ("MBG") counsel conceded that this action should be transferred to the Southern District of New York, the district in which the case was first filed, if it was determined that the New York court had jurisdiction over MBG. *Id.* at 5. The Court thus ordered the parties to notify the court within seven days of any decision regarding jurisdiction by the Southern District of New York in the first-filed action ("SDNY Action"). *Id.* at 7. In the event the court determined that it had personal jurisdiction over MBG, the parties were ordered "to show cause why this case should not be immediately transferred to the Southern District of New York." *Id.*

On August 19, 2026, Rag & Bone filed a Notice of Decision, informing the Court that the Southern District of New York denied MBG's motion to dismiss for lack of personal jurisdiction and improper venue. ECF 44. On August 26, 2026, Rag & Bone filed its response and argued that the case should not be transferred to the Southern District of New York but should instead be dismissed because MBG's claims are compulsory counterclaims that must be asserted in the SDNY Action. ECF 45. Rag & Bone also explained that transferring the matter would result in a duplicative case because on August 25, 2026, MBG filed counterclaims in the SDNY Action that are substantively identical to the claims asserted here. *Id.* at 4. That same day, MBG filed a response arguing that Rag & Bone was "attempting to pull a procedural 'fast one'" by arguing for dismissal, instead of transfer. ECF 46. MBG explained that it filed the counterclaims in the SDNY Action to reassert its request for a preliminary injunction and that Rag & Bone seeks to strike MBG's counterclaims for untimeliness. *Id.* at 3-4. Both parties filed replies in support of their arguments. ECF 47, 48.

As articulated in its previous Order, the Court finds that the SDNY Action is unequivocally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00011-MRA-BFM | Date | September 15, 2026 |
| Title | *Miramar Brands Group, Inc. v. Rag & Bone Holdings, LLC* | | |

the first-filed action. *See* ECF 39. The Court thus "has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The parties previously agreed that it would be in the interest of judicial efficiency to transfer the case pursuant to the first-to-file rule. Rag & Bone now seeks to evade proper procedure by requesting to dismiss the case in response to the Court's Order to Show Cause why the case should not be transferred. The Court thus declines to consider Rag & Bone's arguments, raised for the first time in its response, absent a properly noticed motion. Rag & Bone may raise its arguments for dismissal before the Southern District of New York.

Accordingly, the Court **TRANSFERS** this action to the United States District Court for the Southern District of New York. This matter is now **CLOSED** in this district.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku